**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| MILES BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-4088 |
| | ) |
| Kul Sood, M.D., et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO COMPEL PAYMENT OF**
**COSTS OF DISCOVERY UNDER 26(b)(4)(E)(i)**

NOW COMES the Plaintiff, Miles Barnes, by and through his attorney, Thomas J. Pliura, M.D., J.D., and pursuant to Rule 26(b)(4)(E)(i) of the Federal Rules of Civil Procedure, respectfully moves this honorable Court for an order compelling Defendants to pay the attached invoice for discovery as to Plaintiff's Expert, Clay DeMattei, M.D. In Support of said motion, Plaintiff respectfully states as follows:

1. On or about October 3, 2017, Counsel for Plaintiff was recruited by the Pro Bono Coordinator to represent the Plaintiff herein.

2. Thereafter, Plaintiff disclosed Dr. Clay DeMattei as a retained expert and provided defendants with a detailed report of Dr. DeMattei, supplemental report, and copies of professional journal articles reviewed and relied upon by Dr. DeMattei in formulating his expert opinions.

3. At Defendants' insistence, Dr. DeMattei prepared for and sat for a discovery deposition on July 20, 2018.

4. An invoice for charges related to said discovery is attached hereto and incorporated herein as exhibit A.

5. Pursuant to Federal Rule 26(b)(4)(E)(i), a party seeking discovery must pay the opposing expert a reasonable fee for the expert's time responding to discovery.

6. Under the rule and applicable case, the party seeking discovery is required to pay not only the expert's reasonable charges related to the deposition itself, but also to preparation time for the deposition and any necessary travel. See *Halasa v. ITT Educational Services*, 690 F.3d 844 (7th Cir. 2012); *Waters v. City of Chicago*, 526 F.Supp.2d 899, 900-01 (N.D. Ill. 2007); *Profile Prod. v. Soil Mgmt. Tech., Inc.*, 155 F.Supp.2d 880, 886 (N.D. Ill. 2001).

7. The purpose of Rule 26(b)(4)(E)(i) is "to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement." *Royal Maccabees Life Insurance Co. v. Malachinski*, No. 96 C 6135, 2001 U.S. Dist. LEXIS 3362, at *48 (N.D. Ill. Mar. 19, 2001).

8. Dr. DeMattei's hourly fees are reasonable in light of his experience and expertise and are in line with the hourly fee charged by Defendants' own expert herein, Dr. Shelton.

9. The ratio of preparation time to deposition testimony time charged by Dr. DeMattei is consistent with the 3 to 1 preparation to deposition time ratio determined to be appropriate in *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, No. 08 C 0242, 2011 WL 5008425, at *5 (N.D. Ill. Oct. 20, 2011).

10. As noted in *Se-Kure Controls, Inc. v. Vanguard Products Group*, 873 F. Supp. 2d 939 (N.D. Ill. 2012), this requirement under Rule 26 is independent of and unrelated to the cost recovery provisions afforded to prevailing parties under Rule 54(d). It is therefore of no consequence to Defendants' liability for Dr. DeMattei's invoice that Defendants

ultimately prevailed at trial. Defendants, as the party requesting discovery *must* pay the fees associated to that discovery request.

11. Further, costs incurred under Rule 26(b)(4)(E)(i) are not recoverable costs to the prevailing party under Rule 54(d) because a "district court may not tax costs under Rule 54(d) unless a federal statute authorizes an award of those costs." *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007). Neither discovery costs nor expert costs are recoverable under 28 U.S.C. § 1920. (see *also Chambers v. Ingram*, 858 F.2d 351, 360-61 (7th Cir. 1988) (Expert witness fees are not a recoverable cost in Section 1983 action under Rule 54(d).

12. Finally, even assuming *arguendo* that Defendants, as prevailing parties would be entitled to recover their Rule 26(b)(4)(E)(i), Plaintiff has already been granted a petition to proceed *In Forma Pauperis* herein. (See Text Order of 07/23/2015 herein).

13. It is clear from the plain meaning of the Rule 26 that compensation of an expert for his time spent in deposition is mandatory. *Royal Maccabees Life Insurance Co. v. Malachinski,* No. 96 C 6135, 2001 U.S. Dist. LEXIS 3362, at *48 (N.D. Ill. Mar. 19, 2001).

14. Notwithstanding the foregoing, Defendants have twice refused to pay the DeMattei invoice, firstly claiming ignorance of the requirement under to Rule 26(b)(4)(E)(i) and subsequently claiming that as a prevailing party, the obligation was moot under Rule 54(d).

WHEREFORE, Plaintiff respectfully prays this honorable Court issue an order compelling Defendants to pay the attached invoice of Clay DeMattei, M.D., in the amount of $4,800.00,

representing the reasonable fees associated with his compliance with Defendants' demand for discovery deposition.

> By: s/THOMAS J. PLIURA
> Thomas J. Pliura, M.D., J.D.
> Attorney for Plaintiff

Thomas J. Pliura, M.D., J.D., P.C.
P.O. Box 130
Le Roy, IL 61752
Telephone: (309) 962-2299
Fax: (309) 962-4646
tom.pliura@zchart.com

**PROOF OF SERVICE**

      The undersigned attorney states and says that he served the foregoing Document upon the Defendants via the CM/ECF system and via email attachment to Counsel for Defendants:

Joseph Rupcich
Brent J Colbert
CASSIDAY SCHADE LLP
111 North 6th Street
2nd Floor
Springfield, IL 62701

on the 12th day of March, 2019.

                                       By: s/THOMAS J. PLIURA
                                       Thomas J. Pliura, M.D., J.D.,
                                       Attorney for Plaintiff
                                       Law Offices of Thomas J. Pliura, M.D., J.D., P.C.
                                       P.O. Box 130
                                       Le Roy, IL 61752
                                       Telephone: (309) 962-2299
                                       Fax: (309) 962-4646
                                       tom.pliura@zchart.com