# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MILES BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-4088-JES |
| | ) | |
| KUL SOOD, M.D., et al, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION

Now before the Court is Plaintiff's Motion (Doc. 143) to Compel Payment of Costs of

Discovery Under Fed. R. Civ. P. 26(b)(4)(E)(i). Defendants have filed a Response (Doc. 147).

For the reasons that follow, Plaintiff's Motion is GRANTED.

Federal Rule of Civil Procedure 26(b)(4)(E) states that "Unless manifest injustice would

result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee

for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and (ii) for discovery

under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred

in obtaining the expert's facts and opinions." Plaintiff moves to compel Defendants to pay the

invoice of Dr. DeMattei for his preparation and time spent in a deposition sought by Defendants.

Doc. 143, p. 3. In support of this Motion, Plaintiff attached an invoice from Dr. DeMattei listing

an hourly rate of $400 per hour, three hours spent in the deposition, and nine hours spent

preparing for the deposition, for a total of $4,800. Doc. 143, Exh. 1.

Defendants argue that they should not be forced to pay these costs because 1. Dr.

DeMattei did not actually charge Plaintiff for his services, making the purpose of Rule

26(b)(4)(E) inapplicable, 2. Dr. DeMattei did not contemporaneously track his time spent in

preparation for the deposition, and 3. Dr. DeMattei's claim that he spent nine hours preparing for

1

the deposition is unreasonable in light of his claim that he spent ten hours in his initial review of over 1,000 pages of records. Doc. 147, pp. 3–6. Defendants further argue in the Conclusion section of their response that "As these costs are recoverable to Defendants under Rule 54(d), ordering Defendants to pay them now shifts the costs to the prevailing party, when they should be borne by Plaintiff." *Id*. at 6–7.

A party's recovery of expert witness fees under Rule 26(b)(4)(E) is independent of Rule 54(d). *See Se-Kure Controls, Inc. v. Vanguard Products Group, Inc.*, 873 F.Supp.2d 939, 951 (N.D. Ill. 2012) (citing *Chambers v. Ingram*, 858 F.2d 351 (7th Cir. 1988) and ten district court cases). The language of the rule is mandatory, barring manifest injustice or unreasonable costs. The Court finds that requiring Defendants to pay for Plaintiff's expert's time, though the expert may not have been charging Plaintiff, does not rise to the level of manifest injustice—under any other circumstance, Defendants would be responsible for the costs of taking a deposition of Plaintiff's expert. However, the Court does find that "approximately nine" hours of preparation time is unreasonable given Dr. DeMattei's failure to document his work contemporaneously, compared with the ten hours he claimed it took him to review the records and prepare his report, and given the crossover between the work done in preparation for the deposition and in preparation for trial.

Plaintiff's Motion is therefore GRANTED, and Defendants are ordered to pay Dr. DeMattei for the three hours of deposition time as well as three hours of deposition preparation time at a rate of $400 per hour, for a total of $2,400.

Signed on this 5th day of April, 2019.

/s James E. Shadid
James E. Shadid
United States District Judge