IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

MILES BARNES,

    Plaintiff,

v.

KUL B. SOOD and AMY JOHN,

    Defendants.

Case No. 4:15-cv-04088-JES

## ORDER

Now before the Court are the Defendants', Kul Sood and Amy John, Motion for Costs (D. 150)[1] and the Plaintiff's, Miles Barnes, Objection (D. 151). For the reasons set forth below, the Defendants' Motion is DENIED.

## BACKGROUND

The Plaintiff filed the instant suit *pro se* in July 2015. (D. 1). The Court granted his Petition to Proceed *In Forma Pauperis*, finding him indigent. (See the Court's July 23, 2015, Text Order.) The Plaintiff alleged, pursuant to 42 U.S.C. § 1983, that he suffered cruel and unusual punishment at the hands of the Defendants. He was an Illinois Department of Corrections ("IDOC") inmate at Hill Correctional Center during the relevant time period. He claimed he had an inguinal (or reducible) hernia which was left untreated from 2007 to 2013 and became strangulated (or incarcerated), after which point he was recommended for surgery to repair it and received one. The Plaintiff asserted that the medical staff had a policy of refusing hernia surgeries until they became strangulated or incarcerated, which was implemented by Sood (a doctor) and John (a physician's assistant), among others. The Plaintiff further claimed Sood and John were

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

deliberately indifferent to his medical needs by not regularly providing him with a hernia belt, necessary medical permits, and pain medication. He was diagnosed with a hernia on September 23, 2007. The Plaintiff complained of pain regularly and requested surgery but was denied. On July 18, 2013, the Plaintiff's hernia became incarcerated/strangulated and Sood ordered him to be taken to the hospital, where the Plaintiff had a successful operation to repair his hernia.

The claims against Sood and John survived the Defendants' Motions for Summary Judgment. (D. 96). In March 2019, the Court presided over a jury trial. By this time, the Plaintiff was represented by Court-appointed counsel. (D. 97). Counsel still represents the Plaintiff. Relevant to the Motion presently before the Court, the Plaintiff's expert, Clay DeMattei, testified at trial. The jury subsequently found for the Defendants. (D. 142). Shortly thereafter, the Plaintiff filed a Motion to Compel the Defendants to pay Discovery Fees related to DeMattei's deposition pursuant to Federal Rule of Civil Procedure 26(b)(4)(E)(i), because it was conducted at the insistence of the Defendants. (D. 143). The Court granted the Plaintiff's Motion in part and ordered the Defendants to pay DeMattei $2,400. (D. 149). The Defendants have since filed the instant Motion, arguing they are entitled to recover $3,473.64 in costs from the Plaintiff. (D. 150). The Plaintiff objects for a variety of reasons. (D. 151).

### STANDARD OF REVIEW

Generally, "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The presumption is in favor of the prevailing party recovering the cost; the losing party bears the burden of affirmatively demonstrating that a cost is inappropriate. *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F. 3d 854, 864 (7th Cir. 2005). "[D]istrict courts enjoy wide discretion in determining and awarding reasonable costs." *Hillmann v. City of Chicago*, 2017 WL 3521098, *2 (N.D. Ill.) (citing *Northbrook Excess & Surplus Ins. Co. v. Procter &Gamble*

2

*Co.*, 924 F. 2d 633, 642 (7th Cir. 1991)). "Although Rule 54 does not specifically mention indigence, the rule speaks of the district court's discretion in general terms, and certainly does not prohibit a district court from considering indigence when assigning costs to a losing party." *Rivera v. City of Chicago*, 469 F. 3d 631, 634 (7th Cir. 2006).

## ANALYSIS

The Defendants' requested costs total $3,473.64. (D. 150-2 at pg. 1). This sum consists of $2,196.98 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and $1,276.66 for witness fees. *Id*. The witness fee portion is for the Defendants' expert, Steve Shelton's, travel to trial from Portland, Oregon and is broken down into costs for attendance ($120), subsistence ($361.50), and mileage ($795.16). *Id*. at pg. 2. The Defendants further assert that their obligation of $2,400 to DeMattei should be used to offset their costs, leaving the Plaintiff with a balance owed of $1,073.64. *Id*.

Plaintiff's counsel first argues that the Plaintiff is indigent and should be excused from paying any costs. (D. 151 at pp. 2-3). In relevant part, he cites *Rivera* in support of his position. *Id*. at pg. 2. The losing party's inability to pay is a sufficient reason for a district court to justify denying costs. *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F. 3d 926, 945 (7th Cir. 1997). "[I]ndigence[, however,] does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera*, 469 F. 3d at 635. The indigency exception is a "narrow one" and the Court must engage in a two-step process in order to justify such a finding: (1) make a threshold factual finding—based on sufficient documentation—that the losing party is incapable of paying the court-imposed costs at this time or in the future; and (2) "consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id*. at 635-36. (citations omitted).

3

As Plaintiff's counsel highlights, the Plaintiff was incarcerated from September 16, 1983 to February 27, 2019—five days before his trial began. (D. 151 at pg. 2). Counsel further represents that the Plaintiff has "no reasonable prospects for" his indigent status "to change, as he is sixty-three years old, a convicted felon, and has spent nearly all of his adult life in prison. He has no ability to pay costs." *Id*. at pp. 2-3. In this instance, the Plaintiff's prior application to proceed *in forma pauperis* sufficiently documents that he is incapable of paying any cost imposed by this Court now or in the future without enduring a hardship. The Court also notes that the Plaintiff's claim in this case was not frivolous. The Defendants did ultimately prevail at trial, but that outcome was not a foregone conclusion.

While the presumption is in favor of the prevailing party recovering costs and the losing party bears the burden of affirmatively demonstrating that a cost is inappropriate (*Beamon*, 411 F. 3d at 864), this is a rare case where the indigency exception applies. The Plaintiff's long-term incarceration history and dismal employment prospects combine with the non-frivolous nature of his claims in this case to warrant an indigency finding. Thus, the Plaintiff is excused from paying costs. The Court need not address the parties' remaining arguments. The Defendants' Motion for Costs (D. 150) is, respectfully, DENIED.

## Conclusion

For the foregoing reasons, the Defendants' Motion for Costs (D. 150) is DENIED.

*It is so ordered.*

Entered on May 31, 2019

     s/ James E. Shadid
     James E. Shadid
     United States District Judge